IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DONALD LEE HINTON,

     Petitioner,

v.                                   Civil Action No. **3:16CV211**

HAROLD CLARKE,

     Respondent.

## MEMORANDUM OPINION

Petitioner, Donald Lee Hinton, a Virginia prisoner proceeding *pro se*, submitted this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for aggravated malicious wounding and child neglect in the Circuit Court for the County of Fairfax, Virginia. This Court previously dismissed a § 2254 Petition from Hinton concerning these convictions. *Hinton v. Clarke*, No. 3:12CV136, 2013 WL 653334, at *6 (E.D. Va. Feb. 21, 2013).

On August 19, 2016, the Court entered a Report and Recommendation wherein he found:

> The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Because Hinton has not obtained authorization from the United States Court of Appeals for the Fourth Circuit to file a successive § 2254 petition challenging these convictions, this Court lacks jurisdiction to entertain the present § 2254 petition. Accordingly, it is RECOMMENDED that the action be DISMISSED FOR LACK OF JURISDICTION.

(ECF No. 4, at 1.) The Court advised Hinton that he could file objections. On September 2, 2016, Hinton filed his objection.

Hinton suggests that his prior § 2254 should not count as a prior § 2254 because "'the earlier petition was denied on the grounds, it was premature, a later petition is not 'Second or Successive,' if it raises the claim after it becomes ripe." (Obj. 1.)  Hinton's first § 2254 Petition was not dismissed without prejudice on the grounds that it was premature.  Rather, it was dismissed as barred by the statute of limitations.  *Hinton*, 2013 WL 653334, at *6.  Accordingly, Hinton's Objection will be OVERRULED.  The Report and Recommendation will be ACCEPTED and ADOPTED.  The action will be DISMISSED.  The Court will DENY a certificate of appealability.

An appropriate Final Order will accompany this Memorandum Opinion.

Date:  9/19/16
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge